Chief Justice Robertson
delivered the Opinion of the Court.
Although various points-are presented in this case, we shall consider only one of them, and that is, whether an affidavit by tile agent of the plaintiff in a suit at law . „ . J f . . , A , is sufficient to authorize an indorsement on the writ re<]Bh’ingSpecial bail?
And our opinion is, that such an affidavit is insufficient; especially if it state, as in this case, not that the plain-tiff, but that the agent iíbelieves,, &c.
The act of assembly prescribing the mode of requiring special bail, requires an affidavit, that th e plaintiff believes, that &c. &c., and this Court cannot, by any allowable process of construction, dispense with such an affidavit. ¿u- y ,, . The fact that the agent or attorney ubelieves, is no prooi that the plaintiff believes. r M .
. A stranger may make affidavit to a plea m abatement, because there is no positive law requiring the party pleading to make the affidavit, and because, also, a fact may generally be verified by the oath of any competent and credible person. But the statute of 1821 expressly *603 requires an affidavit, not of a fact which a stranger, as well as the party, may know, but of the opinion or belief of the party himself; and, not only is the opinion or belief of any other person, not necessarily that of the party, but it would be at least difficult for any other person than the party to swear what ike opinion or belief of the party may be.
We cannot, therefore, in our judgment, sustain the sufficiency of the affidavit of the agent in this case, without assuming legislative authority. There may be no good reason why such an affidavit in the case of a non-resident plaintiff, might not have been deemed satisfactory by the legislature; but that department of the government has the exclusive right to prescribe what kind of affidavit shall be required; and having thought fit to require an affidavit that the plaintiff believes & c., this Court cannot, upon its own notions of convenience or fitness, substitute, as sufficient, an affidavit that any other person believes.
Wherefore, we feel impelled to the conclusion, that the Circuit Judge erred in refusing to quash the indorsement on the writ requiring special bail, on the affidavit of the agent.